UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent,<br><br>vs.<br><br>CHARLES WILLIAM AXTELL,<br><br>　　　　Defendant-Petitioner. | Case No. CR05-030-C-EJL<br>　　　　　 CV09-344-C-EJL<br><br>**MEMORANDUM ORDER** |

　　　　Pending before the Court in the above-entitled matter is Defendant Charles William Axtell's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1) and the Government's Response and Motion to Dismiss 28 U. S. C. § 2255 Petition (Docket No. 3). Defendant filed a reply brief and the matter is now ripe for the Court's review.

**Background**

　　　　The Defendant pled guilty to one count of conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U. S. C. §§ 841(a) and 841(b0910(A). The Plea Agreement provided both parties would recommend a sentence of 120 months, the mandatory minimum sentence. The Defendant was sentenced to 121 months imprisonment on September 29, 2005. No appeal was filed.

　　　　On June 4, 2008, the Defendant filed a motion to reduce his sentence pursuant to the retroactive changes to the Sentencing Guidelines. Although the Guideline range would have been reduced below 120 months under the amendments, the Defendant was still subject to the mandatory minimum sentence of 120 months, so he stipulated to that new sentence. Docket No. 100. The Court granted the motion to reduce sentence and entered an Amended Judgment reflecting 120 months imprisonment. Docket No. 104. Defendant filed a notice

of appeal on the granting of his motion. Docket No. 106. Defendant moved to voluntarily dismiss his appeal and such motion was granted by the Ninth Circuit on May 1, 2009. Docket No. 114.

On July 13, 2009, the Defendant filed his § 2255 motion alleging ineffective assistance of trial counsel and that his sentencing range should be re-calculated. The Government has moved to dismiss the § 2255 motion as being time barred.

## Standard of Review

Pursuant to 28 U.S.C. § 2255, the Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.), cert. denied, 470 U.S. 1058 (1985) (citations omitted); Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985). However, a district court may summarily dismiss a Section 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief...." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court. Thus in order to withstand summary dismissal of his motion for relief under Section 2255, defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990). In the present case, the legal issues do not require an evidentiary hearing.

## Timeliness

Pursuant to the amendment of 28 U.S.C. § 2255 in 1996 as part of the Anti-Terrorism and Effective Death Penalty Act, there is now a one (1) year limitation on the filing of a § 2255 motion. Section 2255 states in part:

MEMORANDUM ORDER - 2

> A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of --
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Equitable tolling of the statute of limitations can apply to § 2255 motions. United States v. Battles, 362, F.3d 1195, 1196 (9th Cir. 2004). However, equitable tolling of the statute of limitation is available only when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997), cert. denied, 118 S. Ct. 899 (91998). See also Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)(equitable tolling is appropriate only "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim"). Extraordinary circumstances can exist where "wrongful conduct" prevents a prisoner from timely filing a habeas petition. Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005). Examples of wrongful conduct could include where a prison library is inadequate, where a prisoner is denied access to his files and where an attorney's egregious misconduct prevented timely filing of a petition. See Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); Lott v. Mueller, 304 F.3d 918, 925 (9th Cir. 2002); and Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003).

The Ninth Circuit has consistently held that "equitable tolling is justified in few cases" and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Spitsyn at 799 (alteration in original). The burden is on the petitioner to show the extraordinary exclusion should apply. Id. It is also up to the petitioner "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Valverde v. Stinson,

224 F.3d 129, 134 (2d Cir. 2000).

The question for the Court becomes has the Defendant shown that "extraordinary circumstances" beyond his control made it impossible for the Defendant to timely file his § 2255 motion. This is a "highly fact-dependent" inquiry for the Court. Whalen/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000).

The Government argues that the § 2255 motion is not timely filed as the one year statute of limitations does not run from the date the Court granted the motion to reduce his sentence based on a retroactive amendment to the Guidelines, but from the date his original conviction became "final" when he was sentenced in September 2005 and did not file an appeal. The Court agrees that the motion to reduce sentence due to a retroactive Guidelines amendment does not open the door and start the clock again for challenging the underlying drug trafficking conviction. The motion to reduce sentence "modified' the existing judgment and does not result in an entirely "new" judgment which would start the one year statute of limitation again. See Untied States v. Ticchiarelli, 171 F.3d 24, 36 (1st Cir. 1999). The judgment of conviction in this case was "final" in 2005 based on the applicable statute and as well as case law from other circuits interpreting the effect of modifying a sentence. 18 U. S. C. § 3582(b); United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993; United States v. Stossel, 348 F.3d 1320, 1322 (11th Cir. 2003); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001) (Rule 35(b) motion for reduction in sentence). This Court agrees with the cited case law that the § 2255 motion filed in this case almost five years after the date of original sentencing is not timely filed an is time-barred.

Defendant argues that the statute of limitations should be tolled on equitable grounds as he was unable to discover the basis for his ineffective assistance claim until recently. This argument is unpersuasive as Defendant's claim of innocence is his own daughter's testimony which has always been available to the Defendant, even if not to his trial attorney, while his case was pending and since he has been in prison. The affidavit of his daughter is not "new

MEMORANDUM ORDER - 4

evidence" as alleged by Defendant and do not justify equitable tolling. The Court finds the Defendant has failed to carry his burden and establish "extraordinary circumstances" to justify equitable tolling.

Moreover, the only issue raised in the motion to reduce sentence was the retroactive Guidelines amendment. The Defendant was granted his requested relief and dismissed his appeal on the reduction. Therefore, the Defendant's reliance on the amended judgment related to the motion to reduce sentence cannot be used to extend the statute of limitations for filing a collateral attack on his underlying conviction and the § 2255 motion must be denied.

## Order

Being fully advised in the premises, the Court hereby orders that the Government's Motion to Dismiss (Docket No. 3) is GRANTED and the Defendant's motion filed pursuant to 28 U.S.C. § 2255 (Docket No. 1) is DENIED AND DISMISSED IN ITS ENTIRETY.

IT IS SO ORDERED.

DATED: **September 22, 2009**

Honorable Edward J. Lodge
U. S. District Judge